IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,           )
                                    )
        Respondent/Plaintiff,       )
                                    )
v.                                  )   Case No. CIV-13-493-RAW
                                    )           (CR-11-25-RAW)
TOMMY BLAKE McCARY,                 )
                                    )
        Petitioner/Defendant.       )

# ORDER

Before the court is the motion of the petitioner pursuant to 28 U.S.C. §2255.[1] Pursuant to 18 U.S.C. §3605, jurisdiction over defendant's supervised release was transferred to this district on March 20, 2011. The history in detail is set forth in the government's response (#10). On August 19, 2013, a petition to revoke supervision was filed (#6 in CR-11-25). Violations of various conditions of supervised release were detailed. Among them were separate charges in McCurtain County District Court. Defense counsel stipulated that evidence existed from which the court could, if it chose, find by a preponderance of the evidence that the violations had taken place. The court gave defendant the opportunity to speak but he declined to do so. The court sentenced defendant to 48 months imprisonment.

Defendant contends that his counsel was ineffective. This claim is analyzed under the two-part test established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under *Strickland,* a petitioner must show (1) "that counsel's performance was deficient" and (2)

---

[1] Defendant filed his original motion (#1) on October 31, 2013. He filed an amended motion (#12) on May 8, 2014.

"that the deficient performance prejudiced the defendant." *Id.* at 687. As to the first prong, a petitioner must demonstrate "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. For the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because a petitioner must satisfy both *Strickland* prongs to succeed on an ineffective assistance claim, this court is free to consider the prongs in any order and need not address both "if the defendant makes an insufficient showing on one." *Id.* at 697.

The court finds that defendant has made an insufficient showing as to both prongs. Faced with the report of the Probation Officer and the police reports, defense counsel's decision to stipulate to violations rather than attempt to fruitlessly contest them was perfectly reasonable. Defendant has also not shown counsel was ineffective in failing to present other evidence and argument he mentions. As to the second prong, as demonstrated in the following discussion of the merits, defendant has not demonstrated that a contrary strategic decision would have produced a different result. The court could simply reiterate, in different words, the detailed discussion by the government in its response (#10 at 15-18) but the court incorporates that analysis by reference.

While not perfectly clear, defendant also appears to raise a general objection to the preponderance of the evidence standard used in revocation proceedings. This standard is established in 18 U.S.C. §3583(e)(3), however, and that statute has survived constitutional

2

challenge. Supervised release revocation hearings are not "criminal prosecutions" under the Sixth Amendment. *United States v. Ward,* 770 F.3d 1090, 1097 (4th Cir.2014). The Tenth Circuit has rejected the argument seeking to extend the holding of *Apprendi v. New Jersey,* 530 U.S. 466 (2000) to require trial by jury under the standard of beyond a reasonable doubt in a supervised release revocation hearing. *See United States v. Cordova,* 461 F.3d 1184, 1186-88 (10th Cir.2006). A limited right of confrontation is provided by Rule 32.1(b)(2)(C) F.R.Cr.P., but defendant through counsel waived any hearing.

Defendant argues that he should have been sentenced to, at most, a Grade C violation. (#1 at 7). The court disagrees. A Grade C violation is one involving "a federal, state, or local offense punishable by a term of imprisonment of one year or less." U.S.S.G. §7B1.1(a)(3). The court found at the hearing by a preponderance of the evidence that defendant was guilty of the criminal conduct charged in state court. Either of these offenses is sufficient to constitute a Grade A violation. *See* U.S.S.G. §7B1.1(a)(1).[2]

Specifically regarding the criminal charges which were part of the alleged violations, defendant cites *United States v. Webster,* 492 F.2d 1048, 1051 (D.C.Cir.1974) for the proposition that it is "not a ground for revocation that a probationer has merely been *charged* with a crime." (emphasis in original). That is not what happened in the case at bar. Rather, based upon the hearing, this court found (by a preponderance of the evidence) that defendant had committed the crimes and thereby violated the pertinent condition of supervised release.

---

[2] CF-2012-325 was a controlled substance offense. CF-2013-220 was a controlled substance offense and involved possession of firearms.

3

The Tenth Circuit has rejected the argument which defendant evidently makes in *United States v. Owens,* 394 Fed.Appx. 504, **6 (10th Cir.2010)(supervised release may be revoked regardless of the fact that defendant had not yet been convicted of the alleged offense upon which the revocation was based).[3]

Finally, defendant asserts "actual innocence" as to all violations except the violation of Standard Condition No. 9 (i.e., defendant shall not associate with any person engaged in criminal activity or convicted of a felony without permission by the probation officer). The court finds defendant has failed to produce sufficient evidence to support his theory that the United States government "was lied to and manipulated by corrupt officers of McCurtain County Oklahoma" (#12 at 7). The present record does not disturb the court's findings of criminal violations by a preponderance of the evidence. Moreover, there remain the violations of other conditions of supervised release (e.g., multiple failed urinalyses, failure to report to the probation officer and follow his directions). As the court stated at the

---

[3]Defendant also cites cases dealing with the situation in which revocation was based upon a charge which resulted in acquittal. *See* #19 at 2. That, in part at least, appears to be the situation here. In the State's motion to dismiss in CF-2013-220 (*See* #14 at 7) the reason for dismissal given is that "Defendant was indicted in Federal Court." This is apparently a reference to CR-13-083-RAW in this court, a case which ultimately was also dismissed without prejudice. (*See* #14 at 8). Then, it appears, the State brought essentially the same charges under CRF-2014-81, and defendant was acquitted by a jury. (*See* #15 at 5-6).

In any event, the Tenth Circuit has rejected defendant's argument. *See Morishita v. Morris,* 702 F.2d 207, 210 (10th Cir.1983)(finding that even though the defendant was ultimately acquitted of the similar criminal charge, his probation revocation was still proper because "the standard of proof required . . . is only a preponderance . . . rather than proof beyond a reasonable doubt"); *United States v. Harsh,* 368 Fed.Appx. 873, **3 (10th Cir.2010)("As the criminal charges against Mr. Harsh in state court would require proof of his guilt beyond a reasonable doubt as opposed to merely by a preponderance of the evidence, the district court would still be entitled to revoke his supervised release even if Mr. Harsh is ultimately acquitted of any state charges related to this matter").

4

hearing, "this is probably more violations in one – regarding one defendant than I've ever seen in a revocation proceeding." (Transcript at 10.19-21)(#26 in CR-11-25-RAW).

Section 2255 does not require an evidentiary hearing where "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255(b). *See also United States v. Flood,* 713 F.3d 1281, 1291 (10th Cir.2013). The court finds the record conclusively establishes petitioner is not entitled to relief.[4]

It is the order of the court that the petition pursuant to 28 U.S.C. §2255 is hereby DENIED. Petitioner's motions to expand record and request decision on pleadings (##15 & 16) are DENIED.

**ORDERED THIS 20th DAY OF APRIL, 2015.**

**Dated this 20th day of April, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[4] Defendant has asserted in conclusory fashion that he told his attorney he wished to appeal. No appeal was taken. In an affidavit attached to the government's response (#10), the attorney denies the assertion, stating "After consulting with me, Mr. McCary decided not to appeal his sentence. As a result, I did not file an appeal in Mr. McCary's case." Failure to file an appeal after being requested to do so constitutes ineffective assistance. *See United States v. Snitz,* 342 F.3d 1154, 1155-56 (10th Cir.2003). "But this does not imply that a habeas petitioner is automatically entitled to an evidentiary hearing merely because he makes a bald allegation that this attorney refused to file an appeal." *United States v. Harrison,* 375 Fed.Appx. 830, 833 (10th Cir.2010). The defendant must "present detailed and specific facts," as opposed to vague and conclusory claims. *Id.* at 834. Also, defense counsel (an officer of the court with many years of practice before it) has denied the assertion by affidavit. In *United States v. Lee-Speight,* 529 Fed.Appx. 903 (10th Cir.2013), by contrast, the petitioner's assertion was the only evidence regarding his request to counsel. *Id.* at 905-06. The court denies the claim without an evidentiary hearing.

5