**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent/Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-13-493-RAW** |
| | ) | **(CR-11-25-RAW)** |
| **TOMMY BLAKE McCARY,** | ) | |
| | ) | |
| **Petitioner/Defendant.** | ) | |

## ORDER

Before the court is the motion of the petitioner for relief pursuant to Rule 60(b)(6) and Rule 60(d)(3) F.R.Cv.P. On April 20, 2015, this court denied petitioner's motion pursuant to 28 U.S.C. §2255 (#22). Petitioner appealed and the Tenth Circuit denied a certificate of appealability and dismissed the appeal (#30). Congress has restricted the filing of second or successive habeas petitions. 28 U.S.C. §2244(b). Rule 60(b) motions constitute second or successive petitions if they in substance or effect assert or reassert a federal basis for relief from the petition's underlying conviction. *United States v. Rogers,* 2016 WL 3974094 (10th Cir.2016). The pending motion fits this description. In the present motion, petitioner attempts to raise a new claim of actual innocence. Such a claim is subject to 28 U.S.C. §2255(h), i.e., it qualifies for treatment as a second or successive habeas claim. *See United States v. Kostelec,* 474 Fed.Appx. 745 n.1 (10th Cir.2012). The same is true to the extent the motion relies upon Rule 60(d)(3) when (as here) movant's fraud-on-the-court allegations relate solely to his underlying criminal conviction. *See United States v. Baker,* 718 F.3d 1204, 1206 (10th Cir.2013).

Pursuant to 28 U.S.C. §2244(b)(3)(A), before a second or successive application is filed in the district court, applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. When a second or successive §2255 claim is filed in the district court without the required authorization from the Tenth Circuit, the district court may transfer the matter to the Tenth Circuit if it determines it is in the interest of justice to do so under 28 U.S.C. §1631, or it may dismiss the motion or petition for lack of jurisdiction. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir.2008). The court will dismiss the motion.

It is the order of the court that the motion for relief (#34) is hereby dismissed for lack of jurisdiction. The motion to proceed in forma pauperis (#35) is denied as moot.

**ORDERED THIS 2nd DAY OF AUGUST, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma